IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL STOKES,** | : CIVIL ACTION NO. 1:24-CV-1048 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN OF FCI-ALLENWOOD,** | : |
| Respondent | : |

# MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Michael Stokes, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to reassess his request for transfer to a halfway house. We will deny the petition.

## I. Factual Background & Procedural History

Stokes is currently incarcerated in the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") serving a 36-month sentence imposed by the United States District Court for the District of Massachusetts for conspiracy to distribute cocaine and possession with intent to distribute cocaine. (Doc. 8-1 at 2). He was assessed for placement in a residential reentry center ("RRC")[1] on March 13, 2024, and May 5, 2024. (Doc. 2-5; Doc. 8-6).

Stokes filed the instant petition on June 26, 2024, along with a brief in support of the petition. (Docs. 1-2). He asserts that he is entitled to habeas corpus

---

[1] Respondent notes that an RRC is colloquially known as a halfway house. (Doc. 8 at 4).

relief because prison officials failed to consider a recommendation from his sentencing judge when they assessed him for RRC placement on March 13, 2024. (Id.) Respondent filed a response on October 23, 2024, arguing that the petition should be dismissed for failure to exhaust administrative remedies or alternatively denied on its merits. (Doc. 8). Stokes filed a reply brief in support of his petition on August 12, 2024. (Doc. 9). He then filed a motion for preliminary injunctive relief on September 20, 2024. (Doc. 10).

## II.     Discussion

The BOP exercises discretion as to whether to place an inmate in an RRC based on its consideration of five factors: (1) the resources of the facility; (2) the nature and circumstances of the inmate's offense; (3) the inmate's history and characteristics; (4) any recommendation or statement from the inmate's sentencing judge; and (5) any pertinent policy statements issued by the United States Sentencing Commission. Vasquez v. Strada, 684 F.3d 431, 434 & n.1 (3d Cir. 2012) (citing 18 U.S.C. § 3621(b)). A federal court's review of the BOP's decision is limited to determining whether the agency abused its discretion in applying these factors. Id. (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)).

Stokes asserts that he is entitled to habeas corpus relief because BOP officials failed to consider a recommendation made by his sentencing judge when they assessed him for RRC placement on March 13, 2024. (Docs. 1-2). We will deny this claim on the merits. Respondent notes—and Stokes acknowledges—that the recommendation from the sentencing judge was not available until March 15, 2024, two days after the BOP conducted the assessment. (See Doc. 8 at 16; Doc. 2 at 9;

2

Doc. 2-2). We cannot conclude that the BOP abused its discretion by failing to consider a recommendation from Stokes's sentencing judge when the recommendation was not available to the BOP at the relevant time.

To the extent Stokes attempts to challenge the reassessment of his RRC placement that occurred on May 5, 2024, he has failed to show that he exhausted administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62.

The BOP's administrative remedy program allows federal prisoners to request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. Inmates are first directed to attempt informal resolution. Id. § 542.13. If informal resolution is unsuccessful, the inmate is directed to file an administrative remedy request. Id. § 542.14. The deadline to attempt informal resolution and to file an administrative remedy request is 20 days from the event that gives rise to the inmate's complaint. Id. Once an administrative remedy request is filed, the warden of the prison in which the inmate is incarcerated has 20 days to respond to the request. Id. § 542.18. If the inmate has not obtained relief

from the warden, he may file an appeal to the regional director within 20 days of receiving the warden's response. Id. § 542.15. The regional director must respond to the appeal within 30 days. Id. § 542.18. If the inmate has not obtained relief at this level, he may file an appeal to the BOP's general counsel within 30 days of receiving the regional director's response. Id. § 542.15. The general counsel must respond within 40 days. Id. § 542.18. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). If the BOP fails to respond to the inmate's complaint at any level of the process within the time periods provided by 28 C.F.R. § 542.18, "the inmate may consider the absence of a response to be a denial at that level." Id. § 542.18.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Stokes asserts that he attempted to file an administrative remedy request to present his claims to the BOP for administrative review, but he submitted this request on April 9, 2024, and the BOP received it on April 16, 2024. (Doc. 1 at 2; Doc. 8-4 at 2). Hence, Stokes clearly did not exhaust administrative remedies with respect to a reassessment that occurred nearly a month later, on May 5, 2024. Nor has Stokes shown that exhaustion of administrative remedies with respect to his

4

reassessment—after the sentencing judge's recommendation became available—would be futile.

Hence, we will deny the habeas corpus petition because (1) Stokes's March 13, 2024, assessment fails on its merits and (2) he has failed to exhaust administrative remedies to the extent he challenges the May 5, 2024, reassessment. Stokes's motion for preliminary injunction will be denied as moot.

## III.   Conclusion

We will deny the petition for writ of habeas corpus and the motion for preliminary injunction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 24, 2024